**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

DONNA JARVIS,                            :
                                         :
v.                                       :          CASE NO.: 7:19-CV-151 (WLS)
                                         :
C. R. BARD INCORPORATED, *et al.*,       :
                                         :
        Defendants.                      :
_____ :

## <u>ORDER</u>

On September 9, 2019, this matter was transferred to this Court from the District of Arizona. (Doc. 6.) Pursuant to a Joint Stipulation to Stay Proceedings, in which the Parties noticed the Court that they were engaged in settlement negotiations, (Doc. 14) this Court stayed discovery and all pre-trial deadlines. (Doc. 15.) This stay remains in effect, to the present day, due to the Parties' repeated motions to extend the stay. (Docs. 22, 23, 24, 25, 28, 29 & 40.)

On August 23, 2021, Plaintiff's Counsel, Sarah Wolter, filed a Motion to Withdraw as an Attorney. (Doc. 31.) Therein, Sarah Wolter showed that they had provided notice of their intent to withdraw as Plaintiff's Counsel via certified mail on August 9, 2021. (Doc. 31-1.) The reason cited for the withdrawal was irreconcilable differences between Counsel and Plaintiff, as to the best course of action moving forward in this matter. (Doc. 31.) Ms. Wolter represented in her Motion to Withdraw (Doc. 31) that Plaintiff had retained new counsel. Plaintiff's co-counsel, Christopher Hudson, similarly filed a Motion to Withdraw as an Attorney (Doc. 33) on February 2, 2022. Therein, Christopher Hudson showed that he had no communications with Plaintiff regarding this case and had not been contacted by

1

Plaintiff or any new counsel. (*Id.*) The Court granted both Motions to Withdraw by separate Orders. (Docs. 32 & 35.) In granting Christopher Hudson's Motion to Withdraw (Doc 33), this Court noticed Plaintiff of her obligations in the event she chose to proceed *pro-se*.[1] (Doc. 35.)

On June 17, 2022, Counsel for the Defendants filed a status report with the Court. (Doc. 38.) Therein, Defense Counsel explained that they had received word that Plaintiff Donna Jarvis died on January 21, 2021. (*Id.* at 2.) Based on Plaintiff's death, Defense Counsel requested that this Court stay the case until a representative of Plaintiff's estate and new counsel appeared. (*Id.*) On June 28, 2022, this Court entered an Order staying this case for a period of sixty (60) days, or until Friday, August 26, 2022, to allow Counsel for Plaintiff's estate, if any, or Counsel for the Plaintiff's personal representative to appear on the record. (Doc. 40.) The Parties were also ordered to file an additional status report by August 26, 2022.[2] (*Id.*)

To date, no appearance has been made by either Counsel for Plaintiff's estate, or Counsel for Plaintiff's personal representative. Pursuant to Fed. R. Civ. P. 25(a)(1) in the event that a

> party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after

---

[1] The Court notes for the purposes of the record that the Court specifically noticed Plaintiff her obligation to prosecute her case and comply with the Federal and Local Rules of this Court. (Doc. 35.) The Court also noticed Plaintiff that her case could be dismissed in the event that she failed to prosecute it. (Doc. 35.)

[2] The Court notes for the purposes of the record that Defendants complied with the requirement to file an additional status report. (Docs. 42 & 43.)

service of a statement noting the death, the action by or against
the decedent must be dismissed.

In the present case, Defendants provided notice of Plaintiff's death on June 17, 2022. (Doc.

38-1.) Accordingly, the deadline to file a Motion for Substitution is September 15, 2022. The

Parties are hereby **NOTICED** that if a Motion for Substitution is not filed before

September 15, 2022, this case shall be dismissed.

 

**SO ORDERED,** this 30th day of August 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**